AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America<br>v.<br>**FRANKLIN ERVIN**<br><br>*Defendant(s)* | )<br>)<br>)   Case No.   3-20-MJ-70930 MAG<br>)<br>)<br>)<br>) |

**FILED**
Jul 10 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of   September 26, 2019   in the county of   San Francisco   in the
Northern   District of   California   , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(C) | Possession with the intent to distribute oxycodone<br><br>Max Penalties: 20 years prison; lifetime supervised release (min. 3 years supervised release); $1,000,000 fine (21 U.S.C. § 841(b)(1)(C)); $100 Special Assessment |

This criminal complaint is based on these facts:

See attached affidavit of DEA Special Agent Matt Monschein.

☑ Continued on the attached sheet.

Approved as to form   /s/ Mari Overbeck
AUSA **Mari Overb**eck

/s/
*Complainant's signature*

Special Agent Matt Monschein, DEA
*Printed name and title*

Sworn to before me by telephone.

Date:   07/08/2020

*Judge's signature*

City and state:   San Francisco, California   Hon. Thomas S. Hixson, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT
# AND ARREST WARRANT

I, Matt Monschein, a Special Agent with the Drug Enforcement Administration ("DEA") currently assigned to the San Francisco Divisional Office, San Francisco Resident Office in California, being duly sworn, state:

## INTRODUCTION

1. I make this affidavit under Rule 4 of the Federal Rules of Criminal Procedure for a criminal complaint and arrest warrant authorizing the arrest of Franklin ERVIN ("ERVIN") for possession with intent to distribute a mixture and substance containing a detectable amount of oxycodone in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C), on or about September 26, 2019, in the Northern District of California ("Target Offense").

## SOURCES OF INFORMATION

2. This affidavit is submitted for the limited purpose of securing a criminal complaint and arrest warrant. I have not included every fact known to me concerning this investigation. Instead, I have set forth only the facts necessary to establish probable cause that violations of the federal law identified above have occurred.

3. I have based my statements in this affidavit on my training and experience; personal knowledge of the facts and circumstances obtained through my participation in this investigation; information provided by other agents and law enforcement officers, including Officers from the San Francisco Police Department ("SFPD"); information provided by reports prepared by other agents and law enforcement officers; and information provided by records and databases. Where I refer to conversations and events, I often refer to them in substance and in relevant part rather than in their entirety or verbatim, unless otherwise noted. This affidavit also reflects my current understanding of facts relating to this investigation, but my understanding may change in the future as the investigation proceeds.

## AFFIANT BACKGROUND

4. I am employed by the United States Department of Justice, Drug Enforcement

Administration ("DEA") as a Special Agent and have been so employed since September 2016. I am presently assigned to the San Francisco Field Division Office in San Francisco, California. I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7); that is, I am an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

5. Prior to my employment with the DEA, I was employed with the Federal Protective Service for two years, the Department of Defense for two years, and the United States Navy for six years.

6. I received 20 weeks of specialized drug law enforcement training at the DEA training academy in Quantico, Virginia, from September 2016 to February 2017. The training curriculum covered all aspects of drug investigations, including the identification of controlled substances, physical and electronic surveillance, the utilization of confidential sources, interview techniques, undercover operations, financial investigations, money laundering techniques, and the general operation of drug trafficking organizations. This training included instruction in the investigation of federal drug violations, including, but not limited to, Title 21, United States Code, Sections 841 and 846. Additionally, this training included several hundred hours of comprehensive, formalized instruction in narcotics investigations, drug identification, detection, interdiction, financial investigations and money laundering, identification and seizure of drug-related assets, undercover operations, and electronic and physical surveillance procedures.

7. During the course of my employment as a DEA Special Agent, I have participated in many narcotics investigations as the lead case agent or in a supporting role. I have debriefed confidential sources and witnesses with personal knowledge of narcotics trafficking organizations. In addition, I have discussed with numerous law enforcement officers and confidential sources the methods and practices used by narcotics traffickers to obtain, transport, and sell narcotics. I also have participated in many aspects of drug investigations including, but not limited to, undercover operations, telephone toll analysis, records research, physical

surveillance, and court-ordered wiretap investigations. I also have monitored, conducted surveillance, or otherwise participated in investigations that utilized wire and electronic communications interceptions. I have participated in writing, editing, and reviewing federal affidavits made in support of electronic interceptions. Moreover, I have executed numerous federal and state narcotics search and arrest warrants that resulted in the arrest of suspects and the seizure of narcotics.

8. Through my training, education, experience, and my conversations with other agents and officers who conduct drug investigations, I have become familiar with narcotics traffickers' use of mobile telephones, and their use of numerical codes and code words to conduct their business. Also, I have become familiar with narcotics traffickers' methods of operation, including, but not limited to, the manufacturing, distribution, storage, and transportation of narcotics, and the methods used by drug traffickers to collect, transport, safeguard, remit, and/or launder drug proceeds.

## APPLICABLE STATUTES

9. Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) prohibits a person from knowingly possessing a mixture or substance containing a detectable amount of certain controlled substances, including oxycodone, with the intent to distribute them to another person.

10. The elements of the Target Offense (21 U.S.C. §§ 841(a)(1) and (b)(1)(C)) are: (1) the defendant knowingly possessed a detectable amount of oxycodone, and (2) the defendant possessed the oxycodone with the intent to distribute it to another person.

## FACTS SUPPORTING PROBABLE CAUSE

11. In or about July 2019, a member of local law enforcement conducting physical surveillance in the Tenderloin neighborhood of San Francisco, California noticed an unknown male, later identified as Franklin ERVIN, conducting what appeared to be hand-to-hand narcotics transactions in the area of Golden Gate Avenue and Leavenworth Street. As part of her surveillance, the officer witnessed ERVIN enter a burgundy Mercedes, with a California license plate (8FHA915). The officer conducted a records check on the plate and positively identified

the individual she had witnessed throughout her surveillance engaging in hand-to-hand narcotics sales as ERVIN.  The officer also obtained ERVIN's residential address (**** Phelps Street in San Francisco).[1]

12.     The officer conducted physical surveillance outside of ERVIN's residence in August 2019 and September 2019 and, on at least three different occasions while conducting this surveillance, witnessed ERVIN engage in what she believed in her training and experience to be hand-to-hand narcotics transactions, which took place in the area outside of ERVIN's residence. The officer also followed ERVIN on one occasion as he drove from his residence into the Tenderloin neighborhood, where she witnessed ERVIN engage in a hand-to-hand narcotics transaction from the vehicle he was driving.  Based on this physical surveillance, the officer obtained a search warrant to search ERVIN's person, residence, and vehicles.

13.     On or about September 26, 2019, members of law enforcement executed the search warrant.  During the search of ERVIN's person, officers located a plastic bag containing multiple pills, many of which were inside various TicTac canisters.  Among the many pills found on ERVIN's person were approximately 453 pills believed to be oxycodone, including (a) approximately 100 round, green 15 mg pills; (b) approximately 335 blue 30 mg pills; and (c) approximately 18 round, green 80 mg pills.  One of the suspected 30 mg oxycodone pills was analyzed using a TruNarc machine.  The TruNarc machine yielded a presumptive positive test for the presence of oxycodone.  Subsequent testing of one of the 15 mg pills seized from ERVIN by a criminal laboratory in Oakland, California, also confirmed the presence of oxycodone. Officers placed ERVIN under arrest and seized the plastic bag of pills.

14.     Based on the quantity of pills in ERVIN's possession, the manner in which they were packaged, as well as the variety of pills, I believe that ERVIN possessed the pills with the intent to distribute them.

---

[1] Personally identifying information omitted.

## REQUEST TO SEAL

15. Based on my training and experience, the disclosure of the existence of this affidavit, the complaint, the arrest warrant, and related documents may cause ERVIN or other co-conspirators, known and unknown at this time, to destroy evidence or to conceal ongoing criminal activity, jeopardizing the progress of the ongoing investigation. I therefore request that the Court seal this affidavit, the complaint, the arrest warrant, and all related documents.

## CONCLUSION

16. On the basis of my training and experience, my participation in this investigation, and the information summarized above, there is probable cause to believe that on September 26, 2019, in the Northern District of California, ERVIN committed violations of Title 21, United States Code, Sections 841(a)(1),(b)(1)(C), by "knowingly or intentionally … possess[ing] with the intent to manufacture, distribute, or dispense a controlled substance," specifically, oxycodone.

/s/

MATT MONSCHEIN
Special Agent
Drug Enforcement Administration

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this 8th day of July 2020.

HONORABLE THOMAS S. HIXSON
United States Magistrate Judge